UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. - Rome
APR 1 8 2013
JAMES N. HATTEN, Clerk
Deputy Clerk

VOLTAGE PICTURES, LLC,

    Plaintiff,

v.

DOES 1-18; DOES 1-90; DOES 1-56; DOES 1-14; DOES 1-44; and DOES 1-64,

    Defendants.

CIVIL ACTIONS

NO. 1:13-CV-892-RLV
NO. 1:13-CV-893-RLV
NO. 1:13-CV-894-RLV
NO. 1:13-CV-895-RLV
NO. 1:13-CV-896-RLV
NO. 1:13-CV-897-RLV

O R D E R

In each of the above six complaints, the plaintiff alleges that numerous unnamed persons, who are identified as "John Doe" defendants, committed direct and contributory copyright infringement when the unnamed persons downloaded a movie called "Maximum Conviction" using a file-sharing method. This matter comes before the court on the court's *sua sponte* review of the complaints in these six complaints.

In its six complaints, the plaintiff alleges that each "John Doe" defendant infringed on its copyright by sharing a movie named "Maximum Conviction" on the BitTorrent internet peer-to-peer file sharing system. In its six complaints, the plaintiff states that it did not name each defendant by name because it is "impossible

for [the plaintiff] to identify [the defendants] at this time." However, the plaintiff argues that discovery will allow it to be able to identify these potential "John Doe" defendants by their "IP addresses." An "IP address" is a number assigned by various internet service providers to individual devices that are connected to the internet. According to the plaintiff, it can match up the "IP address" with the individual who committed the copyright infringement by obtaining this information from various internet providers who possess the names, addresses, and phone numbers associated with the "IP addresses" in question. As an exhibit to each of the six complaints, the plaintiff attached a list of "IP addresses" that it alleges could be used to identify the "John Doe" defendants in the future. In order to locate the various "John Doe defendants," the plaintiff filed a motion in each of the six cases to serve various non-party internet service providers with discovery requests prior to the service of the complaint on any defendant.

Because the undersigned was troubled by the potential joinder of unrelated and unnamed defendants, this court conducted research into this issue. In each of the six complaints, the plaintiff alleges that each defendant should be joined together with the other "John Doe" defendants because each defendant is one of many

2

users who were simultaneously uploading and downloading its copyrighted materials in violation of copyright laws. According to the plaintiff, each "John Doe" defendant is acting as a member of a "swarm," which forms a "series of transactions" involving "common questions of law and fact." Some courts have referred to this type of joinder theory as the "swarm theory of joinder."

While this court recognizes that other courts have reached disparate conclusions about the viability of "swarm theory of joinder" in the federal courts, this court rejects this theory and sides with those courts who have rejected the theory as an improper attempt to join unrelated, unnamed defendants together into one lawsuit. Therefore, the court concludes that defendants in each of the six complaints were improperly joined together in violation of Rule 20 of the Federal Rules of Civil Procedure.[1]

In reaching this conclusion, the court greatly relied upon the analysis of United States District Judge Thomas W. Thrash, Jr. of this district who addressed a similar set of facts in <u>Raw Films, Inc. v. John Does 1-32</u>, No. 1:11-CV-2939, 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011). In <u>Raw Films</u>, Judge Thrash extensively examined

---

[1] Pursuant to Rule 20's clear language, this court can drop a party or sever the claims against any party improperly joined on its own motion.

the "swarm joinder theory," which forms the basis for the plaintiff's joinder of the defendants in these six cases. After examining the allegations in Raw Films, Judge Thrash concluded that the various "John Doe" defendants in that case had been improperly joined in violation of Rule 20 because the plaintiff in that case had not properly alleged that the "John Doe" defendants were engaged in a common series of transactions or occurrences.

In these six cases, the court reaches the same conclusion reached by Judge Thrash in Raw Films. In these six cases, the plaintiff segregates the "John Doe" defendants into six separate "swarm groups." While plaintiff alleges that the six "swarm groups" are linked together closely in time in unnamed defendants' downloading and uploading activity, the court concludes that the plaintiff does not adequately allege that the defendants were engaged in a common series of transactions as required by Rule 20. Therefore, this court, like Judge Thrash did in Raw Films, severs the claims by the plaintiff against each of the "John Doe" defendants from the first-named "John Doe" defendant in each of the six cases. Because the "John Doe" defendants were improperly joined to the first-named "John Doe" defendant in each of the above six cases, the court dismisses without prejudice the plaintiff's claims against the improperly joined "John Doe" defendants in each

of the six cases. After this dismissal based on improper joinder, only the first "John Doe" defendant in each of the six cases would remain pending.

However, the court also concludes that the first-named "John Doe" defendant in each of the six cases should be dismissed without prejudice for a separate and independent reason, i.e., fictitious party practice is not permitted in federal court. See New v. Sports & Rec., 114 F.3d 1092, 1094 n1 (11th Cir. 1997). While this court recognizes that many courts have created a series of exceptions to this general rule, the court concludes that none of the exceptions are applicable here. In reaching this conclusion, the court notes that the plaintiff in each of these six cases has not adequately described the "John Doe" defendants. In this court's opinion, an "IP address" without more does not adequately identify or describe a potential defendant. For example, it is possible that multiple people may use the same computer which is identified by one "IP address," i.e., a public computer or a computer used by various family or individuals at a work place. Because the court cannot allow the use of "fictitious party practice" given the lack of an adequate description or identification of the potential defendants,

the court DISMISSES the first-named "John Doe" defendant in each of the above six cases without prejudice.[2]

For the above reasons, the court DISMISSES all of the "John Doe" defendants WITHOUT PREJUDICE in the above six cases. The Clerk of Court is directed to CLOSE all six cases and TERMINATE all pending motions in each of the six cases above.

SO ORDERED, this 1st day of April, 2013.

ROBERT L. VINING, JR.
Senior United States District Judge

---

[2] Even if this court had not dismissed the improperly joined "John Doe" defendants from the first-named "John Doe" defendant in each of the six cases based upon improper joinder in violation of Rule 20 of the Federal Rules of Civil Procedure, it would have dismissed all of these "John Doe" defendants because these defendants were not properly identified, which amounts to improper "fictitious party pleading." As the court stated in the body of its order, a "John Doe" designation may be allowed in certain limited circumstances that are not applicable here.